UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEROME TALLEY,

                Petitioner,

    v.

LONNY R. SUKO,

                Respondent.

CASE NO. 3:15-CV-05657-RBL-DWC

REPORT AND
RECOMMENDATION

Noting Date: October 16, 2015

       The District Court has referred this action to United States Magistrate Judge David W. Christel. On September 11, 2015, Petitioner Jerome Talley, a pre-trail detainee housed at Kitsap County Jail, filed a federal habeas Petition pursuant to 28 U.S.C. § 2241. Dkt. 1. Petitioner has also filed a partially complete application to proceed *in forma pauperis* ("IFP") and an Emergency Motion. *See* Dkt. 5, 6. The Court concludes the Petition is unexhausted and it is inappropriate for the Court in intervene in the case. Therefore, the Court recommends the Petition be dismissed without prejudice and the pending Motions be denied as moot.

**DISCUSSION**

Petitioner contends Respondent Senior United States District Judge Lonny R. Suko[1] violated Petitioner's rights by dismissing a previous petition. Dkt. 1; *see also Talley v. Dalton*, 3:15-cv-5452-LRS. Petitioner asserts he is being illegally restrained by Kitsap County Superior Court Judge Jeanette Dalton because Judge Dalton issued an invalid warrant for Petitioner's arrest. *See* Dkt. 1. Respondent allegedly knew Judge Dalton illegally restrained Petitioner and, despite this knowledge, dismissed the previous petition for failure to exhaust. *Id.*

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), the Ninth Circuit Court of Appeals has held exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see Younger v. Harris*, 401 U.S. 37 (1971). Petitioner fails to show he exhausted state court remedies by presenting federal constitutional or statutory claims to the Washington state trial and appellate courts in the ongoing criminal

[1] Judge Suko is not properly named as a respondent because he is not the custodian of the Kitsap County Jail. The proper respondent is the Kitsap County Sheriff. *See* 28 U.S.C. § 2242 (proper respondent to a habeas petition is the "person who has custody over" the petitioner). However, the Petition is subject to dismissal, regardless of the incorrectly named Respondent.

1  proceedings against him. Petitioner has also not shown special circumstances warrant federal

2  intervention in this case.

3        Additionally, Petitioner's case is not appropriate in federal court under the *Younger*

4  abstention doctrine. Under *Younger*, abstention from interference with pending state judicial

5  proceedings is appropriate if (1) the proceedings are ongoing; (2) the proceedings implicate

6  important state interests; and (3) there is an adequate opportunity in the state proceedings to raise

7  federal questions. *Dubinka v. Judges of the Superior Ct.*, 23 F.3d 218, 223 (9th Cir. 1994);

8  *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Here,

9  Petitioner is a pre-trial detainee with ongoing state proceedings. As these proceedings involve a

10  criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36,

11  49, (1986); *Younger*, 401 U.S. at 43-44. Finally, Petitioner has failed to allege facts showing he

12  has been denied an adequate opportunity to address the validity of his warrant in the state court

13  proceedings. Accordingly, *Younger* abstention applies to this case.

14        In extraordinary cases, a federal court can intervene in a pending state matter

15  notwithstanding the *Younger* abstention rule. Federal injunctive relief against pending state

16  prosecutions is appropriate "[o]nly in cases of proven harassment or prosecutions undertaken by

17  state officials in bad faith without hope of obtaining a valid conviction and perhaps in other

18  extraordinary circumstances where irreparable injury can be shown[.]" *Perez v.Ledesma*, 401

19  U.S. 82, 85 (1971); *Carden*, 626 F.2d at 84 (*Younger* abstention appropriate despite the

20  prosecution's allegedly "unfair" charging practices and "deliberate delay" of the proceedings).

21  Petitioner has failed to show injunctive relief is appropriate in this case.

22

23

24

Under the circumstances presented in this case, federal intervention with Petitioner's pending state criminal proceedings would be inappropriate under the *Younger* abstention doctrine.

As Petitioner has failed to exhaust his state remedies and federal intervention would be inappropriate under the abstention doctrine, the Court recommends the Petition be dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

A state prisoner who is proceeding under § 2241 must obtain a Certificate of Appealability ("COA") under § 2253(c)(1)(A) in order to challenge process issued by a state court. *Wislon v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El. v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, Petitioner is not entitled to a certificate of appealability. If Petitioner believes the Court should issue a certificate of appealability, he should set forth his reasons in his objections to this Report and Recommendation.

## CONCLUSION

For the foregoing reasons, the Court recommends Petitioner's habeas Petition be denied and dismissed without prejudice. The Court further recommends Petitioner's Emergency Motion (Dkt. 6) and application to proceed IFP (Dkt. 5) be denied as moot because it is not appropriate for the federal court to hear this case.

REPORT AND RECOMMENDATION - 4

1    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

2  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

3  6. Failure to file objections will result in a waiver of those objections for purposes of de novo

4  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

5  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on October 16,

6  2015, as noted in the caption.

7    Dated this 23rd day of September, 2015.

8

9
      David W. Christel
10    United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24